IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

V.

MARCOS DANIE GOMEZ

CASE NO. 1:20-CR-00452-001

## DEFENDANT MARCOS DANIEL GOMEZ'S OBJECTIONS AND REQUESTS TO THE PRESENTENCE INVESTIGATION REPORT

TO THE HON. ROLANDO OLVERA JR., U. S. DISTRICT JUDGE:

**MARCOS DANIEL GOMEZ,** Defendant, by and through Robert Garza, his attorney of record, files his objections and requests to the Presentence investigation report the following:

## PART A. THE OFFENSE

### Offense

Mr. Gomez has no objection to **Paragraphs numbered 1-34.**

### ACCEPTANCE OF RESPONSIBILITY

Mr. Gomez has no objection to **Paragraphs numbered 35-36.** Mr. Gomez has accepted responsibility for the offense, apologizes to his family, sister and particularly his nephew and deeply regrets his actions in this offense.

### OFFENSE LEVEL COMPUTATION

### Base Level Offense

Mr. Gomez has no **Objection to Paragraphs 37-38.** The beginning base level being at **32.**

1

**Paragraph 39--*Specific Offense Characteristics (1)***

Mr. Gomez has no **Objection to Paragraph 39** and apologizes to his sister and nephew for having done what he did. Mr. Gomez asks for forgiveness from both of them and hopes they can forgive him.

Mr. Gomez recognizes that Pursuant to U.S.S.G. § 2G2.1(b)(1), under **Paragraph 39** a level 4 increase is applicable which would then bring the **level base to 36.**

**Paragraph 40--*Specific Offense Characteristics (2)***

Mr. Gomez would object to the 2-level increase under U.S.S.G. § 2G2.1(b)(2)(A), for the following reasons:

Assessing a 2-level increase would amount to double counting since the offense **level of 32** has already been substantially increased by the 4-level increase in **Paragraph 39.**

Additionally, the production of the video and pictures were not intended according to the Defendant's own confession to the Governments agents, to be shared with anyone outside himself. **See Paragraphs 25 and 26 of the PSR.**

Therefore the 2-level enhancement Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), should not be assessed against Mr. Gomez to increase his punishment level.

**Paragraph 41--*Specific Offense Characteristics (3)***

Mr. Gomez would object to the 4-level increase under U.S.S.G. § 2G2.1(b)(4) for the following reasons:

Assessing a 4-level increase would amount to double counting since the offense level of 32 has already been substantially increased by the 4-level increase in **Paragraph 39.**

Therefore the 4-level enhancement Pursuant to U.S.S.G. § 2G2.1(b)(4), should not be used against Mr. Gomez.

### Paragraph 42--*Specific Offense Characteristics (4)*

Mr. Gomez would object to the 2-level increase under U.S.S.G. § 2G2.1(b)(5), for the following reasons:

Assessing a 2-level increase would amount to double counting since the offense level of 32 has already been substantially increased by the 4-level increase in **Paragraph 39.**

Therefore, assessing a 2-level enhancement Pursuant to U.S.S.G. § 2G2.1(b)(5), should not be used against Mr. Gomez.

### Mr. Gomez has no objections to Paragraphs 43-45

### Adjusted Offense Level

Mr. Gomez would object to the Adjusted offense level of **44,** reached by the Probation Officer and would request that the Court consider the arguments being made by Defense and only increase the base level from **32** to a total adjusted offense level of **36.**

### Acceptance of Responsibility:

Mr. Gomez from the time of his interview and arrest provided assistance to the Government in disclosing the extent of his involvement in this offense. He has admitted his guilt in this offense and realizes he did very wrong and that he took advantage of his nephew. Mr. Gomez apologizes to this Honorable Court and to everyone else that has had to see and hear what he did.

Mr. Gomez asks this Court to Grant him the **3-level reduction** pursuant to U.S.S.G § 3E1.1(a) and U.S.S.G. § 3E1.1(b).

**Total Offense Level**

Mr. Gomez would object to the **Total offense level of 41** being reached by the Probation Officer and would request that the Court consider, based on the above discussion, the **Total Offense Level at 33.**

**PART B. THE DEFENDANT'S CRIMINAL HISTORY**

Generally, Mr. Gomez has **no objections to Paragraphs 51 thru 56** as he has no criminal history of any sort. He had just graduated from Gladys Porter High School in June 2020 when he was arrested for this pending offense.

It should be also noted during his life at school and home, Mr. Gomez was never a troublemaker. He has no juvenile or adult criminal record of any sort.

One matter that needs mention is that there is presently pending a state case against Mr. Gomez, styled **State of Texas vs. Marcos Gomez; Cause No. 2020-DCR-2045**. This criminal case is based on the similar facts as the present case and once the federal case is resolved Mr. Gomez will proceed to resolve the State.

**PART C. OFFENDER CHARACTERISTICS**

Generally, Mr. Gomez has **no objection to Paragraphs 57-70** regarding his personal history. However, there are some additions that Mr. Gomez would like to add to the report.

As to his Mental and Emotional Health, Mr. Gomez has gone thru severe depression and anxiety while being incarcerated but thanks to his parents' strong beliefs in the Lord

4

he has been able to cope with what is happening to him. During his time in jail, he has not violated any rules and has sought prayer to help him through this very difficult time.

Mr. Gomez had been accepted to college and receive several grants due to his GPA and schoolwork and with that gone, he plans during his incarceration to continue educating himself in whatever is available to him so that he can contribute to society once he is released from prison.

**PART D. SENTENCING OPTIONS**

Mr. Gomez asks **that Paragraph 75** be corrected to reflect that he pled to Count I and not Count 2.

**Restitution**

Mr. Gomez recognizes that his nephew will need to undergo much counseling and get help as he grows up.

Mr. Gomez will seek to get all the help he can get while incarcerated and upon release will dedicate his life to continuing to get help as well as to helping his nephew and others that have been hurt by persons like him.

**FACTORS THAT WARRANT DEPARTURE/VARIANCE**

This Honorable Court is requested to grant a departure or variance from the minimum guideline levels for the following reasons:

1. Mr. Gomez just turned 21 years old this past October 30, 2021, and was 17-18 years old during the commission of this offense. He was arrested on July 9, 2020, and has remained in jail since then;

2. Mr. Gomez has no Criminal History, juvenile or Adult; Mr. Gomez had just Graduated from Gladys Porter High School in June 2020;

5

3. Mr. Gomez is a US citizen, and his father, mother and siblings all reside in Brownsville, Cameron County, Texas; his family is supportive of him and will be there for him.

4. Mr. Gomez accepted responsibility for this offense and is prepared to do his time but is also prepared to make amends for what he did. Mr. Gomez understands that he will have to register as a sexual offender for the rest of his life and is prepared to face the consequences of his actions.

5. Mr. Gomez would ask the Court to please consider the numerous letters of recommendation that have been submitted to Court for consideration.

6. Mr. Gomez's young age, acceptance of responsibility and knowledge that he needs help and counseling make him an ideal candidate for treatment to address his disorder.

## MR. GOMEZ'S REQUESTED DEPARTURE/VARIANCE

It is respectfully requested that based on these mitigating circumstances as a whole that this Honorable Court is warranted in going below the minimum guidelines as follows:

1. Based on the **Total Offense Level of 33,** Mr. Gomez's punishment would then fall at **135 to 168 months** per the guidelines. Mr. Gomez would request that the Court go below the minimum guidelines to **no more than 60 months in prison.**

2. If the Court were to find that Mr. Gomez is not warranted any relief from the Specific Offense Characteristics 2, 3 or 4 and is considering the Probation Officer's **Total Offense Level of 41,** then Mr. Gomez would request that the

Court give him due consideration to the mitigating circumstances enumerated above and consider going below the minimum guideline range to **no more than 84 months in prison.**

Mr. Gomez is further requesting the Court to place him in facility close to Brownsville, Texas so that his family can continue to visit with him.

Respectfully submitted,

**ROBERT GARZA, ATTORNEY AT LAW, P.C.**
1200 East Harrison Street
Brownsville, Texas 78520
Telephone No.: (956) 544-1111
Facsimile No.: (956) 544-1108

_____
ROBERT GARZA
State Bar No. 07738025
Federal Id. No. 600166
Email: jrobert@garzapllc.com
Attorney for Marcos Daniel Gomez

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, the objections to the PSR were served on the United States Attorney, Ana C. Cano via email.

_____
ROBERT GARZA